UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:14-CR-496-T-17AEP

ROBERT WILLIAM BARTON.

_____/

ORDER

This cause is before the Court on:

Dkt. 55   First Unopposed Motion in Limine (Barton)
Dkt. 58   Second Opposed Motion in Limine (Barton)

A. Dkt. 55   First Unopposed Motion in Limine

Defendant Robert William Barton moves to exclude evidence submitted pursuant to Fed. R. Ev. 403 and 404(b) as evidence in the United States' case-in-chief, or any mention of such evidence in opening statements. The evidence that Defendant Barton seeks to exclude are alleged statements made by Defendant Robert William Barton to Detective Charles of the Hillsborough County Sheriff's Office which consist of claims that Defendant Barton was "the Circle K Bandit, has sliced a guy's throat and chainsawed a car."

Defendant Barton seeks to exclude the evidence because the probative value of the evidence sought to be introduced is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and misleading the jury, Fed. R. Ev. 403, and because such evidence is unfairly prejudicial to Defendant Barton and would mislead the jury, Fed. R. Ev. 404(b).

Case No. 8:14-CR-496-T-17AEP

Defendant Barton's Motion in Limine is unopposed. After consideration, the Court grants Defendant Barton's Unopposed Motion in Limine to exclude the alleged statements made by Defendant Barton that Defendant Barton was "the Circle K Bandit, has sliced a guy's throat and chainsawed a car," from evidence in the United States' case-in-chief and any mention of such evidence in opening statements.

B. Second Opposed Motion in Limine

Defendant Barton moves to exclude from evidence an alleged statement by Lisa Moore, a passenger in the vehicle driven by Defendant Barton on the night of Defendant Barton's arrest. The alleged statement of Lisa Moore is that she witnessed Defendant Robert Barton throw the firearm in question at her feet.

Defendant Barton moves to exclude the statement because it is hearsay and is not admissible under any exception. Fed. R. Ev. 801, 802, 803, 804 and 807.

The Court notes that the Lisa Moore's name appears on the witness list that the United States has filed. (Dkt. 64). After consideration, the Court denies Defendant's Second Opposed Motion in Limine without prejudice. Defendant Barton may renew the Motion at trial if appropriate. Accordingly, it is

**ORDERED** that Defendant Barton's First Unopposed Motion in Limine (Dkt. 55) is **granted**, and statements that Defendant Barton was "the Circle K Bandit, has sliced a guy's throat and chainsawed a car" are **excluded** as evidence in the United States case-in-chief, and **excluded** from mention in opening statements. It is further

Case No. 8:14-CR-496-T-17AEP

**ORDERED** that Defendant Barton's Second Opposed Motion in Limine (Dkt. 58) as to the alleged statement by Lisa Moore that she witnessed Robert Barton throw the firearm in question at her feet is **denied without prejudice.** Defendant Barton may renew the Motion at trial, if appropriate.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 7th day of September, 2016.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record