UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.　　　　　　　　　　　　　　　　　CASE NO. 8:14-CR-496-T-17AEP

ROBERT WILLIAM BARTON.

_____/

ORDER

This cause is before the Court on:

| | |
|---|---|
| Dkt. 169 | Motion for New Trial Pursuant to Federal Rules of Criminal Procedure 33(a)(1) |
| Dkt. 173 | Response in Opposition |
| Dkt. 176 | Reply |

Defendant Robert William Barton, *pro se*, moves for a new trial pursuant to Fed. R. Crim. P. 33(a)(1). The basis for Defendant Barton's Motion is newly discovered evidence, consisting of guidelines issued by the Scientific Working Group on DNA Analysis (SWGDAM), whose most recent publication is dated in 2017. The publication was not available to the Court at the time of trial.

The United States opposes Defendant Barton's Motion for New Trial, and argues that the Motion should be denied without an evidentiary hearing.

1.　　Background

A grand jury indicted Defendant Robert William Barton for possession of a firearm by a convicted felon, in violation of 18 U.S.C Secs. 922(g) and 924(e). (Dkt. 1).

Defendant moved to exclude DNA evidence before trial. (Dkt. 67). Magistrate Judge Porcelli conducted an evidentiary hearing and issued a Report and Recommendation recommending denial of Defendant's Motion. (Dkt. 103). Defendant Barton objected to the Report and Recommendation. (Dkt. 104). The Court overruled Defendant Barton's objections, and adopted the Report and Recommendation. (Dkt. 111).

Defendant Barton proceeded to trial. The trial began on September 12, 2016 and concluded on September 14, 2016. (Dkts. 106, 109, 113, 115). The jury found Defendant Barton guilty, and the Court adjudicated Defendant Barton guilty. (Dkt. 113). On January 20, 2017, the Court sentenced Defendant Barton to a term of imprisonment of 120 months, a term of supervised release of 36 months; fine waived, and a special assessment fee of $100.00.

Defendant Barton appealed the Judgment. (Dkt. 140). The Eleventh Circuit affirmed. (Dkt. 167). **United States v. Barton**, 909 F.3d 1323 (11th Cir. 2018). (Dkt. 167). The Eleventh Circuit issued the mandate on January 4, 2019. (Dkt. 168).

2. Discussion

A motion for new trial based on newly discovered evidence must be filed within three years of the verdict or the finding of guilty Fed. R. Crim. P. 33(b)(1). In order to obtain a new trial based on newly discovered evidence, Defendant Barton must show the following: 1) the evidence was discovered after the trial; 2) Defendant exercised due diligence in discovering the evidence; 3) the evidence is not merely cumulative or impeaching; 4) the evidence is material; and 5) based on the evidence a new trial would probably produce a different result. "The failure to satisfy any one of these elements is fatal to a motion for new trial." **United States v. Ochoa-Vasquez**, 179 Fed. Appx. 572, 575 (11th Cir. 2006)(citation omitted). Motions for new trial based on newly discovered evidence are highly disfavored. **United States v. Campa**, 459 F.3d 1121, 1151 (11th Cir. 2006).

A.  Motion for New Trial

Defendant Barton moves for new trial based on a publication consisting Guidelines issued by the Scientific Working Group on DNA Analysis which cast doubt on the mixtures used by the laboratory in this case, and which encourage laboratories to conduct additional validation studies on such mixtures.

Defendant Barton argues that the newly discovered evidence challenges whether the methodology by which the expert reaches his conclusions is sufficiently reliable pursuant to the second prong of the *Daubert* test.

Defendant Barton asserts that the SWGDAM Guidelines 2017 were discovered following trial, that Defendant acted with due diligence following the Eleventh Circuit opinion on December 6, 2018, that the newly discovered evidence is not "merely cumulative or impeaching," the evidence is material and the evidence is of a nature that a new trial would probably produce a new result.

Defendant Barton notes that the evidence at trial included Defendant Barton's two confessions, first at the scene of the arrest and later to a jailhouse informant, corroborating testimony from the passenger in Defendant's vehicle at the time of the arrest, and DNA evidence directly linking Defendant Barton to the firearm. Defendant Barton argues that the DNA evidence carried the most weight at trial, and in its absence there is little proof of possession beyond a reasonable doubt. Defendant Barton argues that the credibility of the testimony of Lisa Moore, Willie Sims and Defendant's own confession is questionable.

In his Reply, Defendant Barton disagrees with the Government's statement of facts, and disagrees with the Government's argument that the newly discovered evidence is cumulative or impeaching, and that Defendant Barton cannot satisfy his burden of demonstrating that the newly discovered evidence would probably produce a new result at trial.

B.   Response

The Government responds that Defendant Barton's Motion for New Trial should be denied, because the SWGDAM Guidelines 2017 itself is not admissible evidence, the use of the SWGDAM Guidelines 2017 would provide merely cumulative or impeaching evidence, and Defendant Barton cannot satisfy his burden of demonstrating that the newly discovered evidence would probably produce a new result at trial.

The Government points out that the preface to the SWGDAM Guidelines 2017 states:

> "...This document contains guidelines and not minimum standards. In the event of a conflict between the FBI Quality Assurance Standards for Forensic DNA Testing Laboratories (QAS) and these guidelines, the The use of the term "shall" or "must" is not intended to transform these guidelines into standards.
>
> These revised guidelines supersede the SWGDAM Short Tandem Repeat (STR) Interpretation Guidelines (2010). They are intended to be applied prospectively and not retroactively. With the underlying assumption that the work performed prior to the issuance of these revisions was appropriate and supported by validation, revision of the applicable guidelines is not intended to invalidate or call into question the previous work. Laboratories are encouraged to review their standard operating procedures and to update their procedures as needed."

(Dkt. 173-1, pp. 1-2).

In ruling on Defendant's Motion Exclude DNA Evidence and Testimony (Dkt. 67) after an evidentiary hearing, the Court made extensive findings (Dkts. 103, 111), and determined that the work performed by the Government's expert, Zuleger, was appropriate and supported by validation.

The Government further argues that the SWGDAM Guidelines 2017 themselves are not admissible evidence. In the light most favorable to Defendant Barton, the Guidelines could serve as a source for possible impeachment during cross-examination. **See Bish v .Employers Liab. Assur. Corp.**, 236 F.2d 62, 70 (5th Cir. 1956).

The Government further argues that SWGDAM Guidelines 2017 do not call into question the reliability of the DNA evidence implicating Defendant Barton, or the admissibility of the evidence. At best for Defendant Barton, the Government's analyst, Zuleger, could be confronted with any relevant new guideline and given the opportunity to explain what effect, if any, it would have on her findings. The SWGDAM Guidelines 2017 is not exculpatory evidence; Defendant Barton's profile is still consistent with a DNA profile included in the DNA mixture from the firearm. The SWGDAM Guidelines 2017 would go only to the weight of the DNA evidence, not its admissibility. Ms. Zuleger calculated the statistical probability in a conservative manner, but even if the new Guidelines diminished the significance of the DNA evidence, the DNA evidence is still incriminating and consistent with other evidence.

The Government further argues that the Government produced overwhelming evidence proving Defendant Barton possessed a firearm, citing Defendant Barton's admission that the firearm was his at the time of the arrest, Defendant Barton's knowledge of the location of the firearm in the car, the corroborating testimony of Lisa Moore at trial, and the testimony of Willie Sims, who accurately described the firearm and Sims' knowledge of details of the offense that he otherwise would not have known.

The Government points out that the Eleventh Circuit found that if there was any error in admitting the DNA evidence, the error was harmless, in light of the other evidence of Defendant Barton's guilt.

The Court has reviewed the pleadings and the record. In the Report and Recommendation which Magistrate Judge Porcelli issued after an evidentiary hearing, Magistrate Porcelli concluded that the disputed DNA results satisfied **Daubert** and Rule 702 standards, and recommended that the Court allow the admissibility of the disputed evidence at trial. After the Report and Recommendation, Defendant Barton asserted that the Court erroneously applied **Daubert** standards in concluding that Defendant's arguments went to the weight and not the admissibility of the DNA evidence, and did not consider the analogous case of **United States v. McCluskey**, 954 F.Supp.2d 1224 (D. New Mexico 2013).

The Court overruled Defendant Barton's objections, and denied the Motion to Exclude DNA Evidence and Testimony, adopting the conclusion of Magistrate Judge Porcelli that Defendant Barton's objections went to the weight rather than the admissibility of the evidence. Both Ms. Zuleger and Ms. Robinson testified at trial. The jury heard other evidence in addition to the DNA evidence.

The Court recognizes that the methods of forensic analysis continue to evolve. If the Court were to permit a new trial, the Court finds that the use of SWGDAM Guidelines 2017 might provide a possible avenue to impeach the testimony of Ms. Zuleger. Defendant Barton has not established that the "newly discovered evidence" is not merely cumulative or impeaching.

If the "newly discovered evidence," the SWGDAM Guidelines 2017, had been available at the time of trial, and if those Guidelines had been accepted as controlling, it is not clear that this publication would probably have produced a different result at trial, in light of the additional evidence presented at trial. The verdict in this case was not based only on the DNA evidence. The Court therefore denies Defendant Barton's Motion for New Trial. Accordingly, it is

**ORDERED** *pro se* Defendant Robert Barton's Motion for New Trial (Dkt. .169) is **denied.**

**DONE and ORDERED** in Chambers in Tampa, Florida on this 26 day of November, 2019.

ELIZABETH A. KOVACHEVICH
Senior United States District Judge

Copies to:

All parties and counsel of record

**Pro Se** Defendant:

Robert William Barton
#62661-018
FCI Coleman Medium
Coleman, FL    33521