UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No.: 8:14-cr-496-T-36AEP

ROBERT WILLIAM BARTON
_____/

**ORDER**

This matter comes before the Court upon Defendant Robert William Barton's Emergency Motion for Compassionate Release (Doc. 199), the United States' Response in Opposition to Defendant's Motion for Compassionate Release (Doc. 201), and Defendant's reply (Doc. 210). Also pending is Defendant's motion to supplement (Doc. 213) his motion for compassionate release. The Court will permit the supplement and has considered this submission, along with the additional letters from family and community members and medical records filed by Defendant. *See* Docs. 204, 209, 211. In the motion for compassionate release, Defendant requests the Court modify his sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A), due to his medical condition and COVID-19 concerns.[1] The Court, having considered the motion and being fully advised in the premises, will deny Defendant's motion for compassionate release.

**I.    BACKGROUND**

On September 14, 2016, a jury found Barton guilty of being a felon in possession of a firearm. Doc. 115. Barton was sentenced on January 20, 2017, to 210 months in prison. Doc. 134. The United States Probation Office listed four prior felony convictions in its presentence report (PSR) of Barton, which it contended subjected him to a fifteen-year mandatory minimum

---

[1] Coronavirus disease 2019, known as COVID-19, is the illness caused by the SARS-CoV-2 virus. On March 11, 2020, the World Health Organization declared COVID-19 a pandemic.

sentence under the Armed Career Criminal Act. Doc. 129. The qualifying felonies were: aggravated battery (committed August 17, 1990); robbery (committed January 10, 1991), and two robbery offenses (committed December 31, 1990). *Id.* ¶ 23. The PSR indicated he was sentenced to fifteen years imprisonment for these offenses, but that he was granted conditional release after less than a year of incarceration. *Id.* ¶¶ 30–34. He violated the terms of that release and thereafter was resentenced to 61 months in prison. *Id.*

Barton is currently incarcerated at Federal Correctional Institution Coleman (Low) in the Middle District of Florida. He is scheduled to be released from prison in approximately ten years on April 23, 2030. *See* BOP Inmate Locator at https://www.bop.gov/inmateloc/.

On July 21, 2020, Barton filed the instant Emergency Motion for Compassionate Release requesting modification of his sentence due to the COVID-19 pandemic coupled with his age (47), his medical conditions, and the Federal Bureau of Prison's inability to effectively manage the health crisis in the institutional environment. Doc. 199. Barton alleges he suffers from several medical conditions including "heart disease, liver damage, sciatica, and obesity," which place him at a heightened risk of serious medical problems or death if he were to become infected with the virus. *Id.* at 3. Barton states he has suffered three heart attacks and has had a stent placed in his heart. *Id.*

The Government responds that the BOP continues to take significant measures to protect the health of the inmates in its charge. Doc. 201. The BOP has had a Pandemic Influenza Plan in place since 2012. The lengthy protocol establishes a multi-phase framework that prompts early response and addresses social distancing, hygienic and cleaning protocols, and the quarantining and treatment of symptomatic inmates. *Id.* at 3.

The Government contends that the BOP's operations are currently governed by Phase Seven of the Action Plan which requires all inmates in every BOP institution to be secured in their assigned space in order to stop the spread of the disease. Limited gathering is permitted with social distancing implemented, to the extent possible, to facilitate commissary, laundry, showers, telephone, and computer access. All staff and inmates have been and will continue to be issued face coverings (masks) and strongly encouraged to wear them in public areas where social distancing cannot be achieved. Further details and updates of the BOP's modified operations are available to the public on the BOP website at a regularly updated resource page: www.bop.gov/coronavirus/index.jsp.

In response to Barton's motion, the Government argues the motion should be denied because Barton fails to provide an extraordinary and compelling reason to permit his early release from prison. The Government asserts that it is Barton's burden to demonstrate extraordinary and compelling circumstances, and he fails to do so. Even if he was able to establish such a basis, however, the Government submits his request should still be denied because an analysis of the statutory sentencing factors weighs against a sentence reduction in these circumstances.

Barton moved for leave to file a reply, which the Court granted. *See* Docs. 202, 203. In his reply filed September 1, 2020, Barton contends the BOP's claimed response to the pandemic is belied by the outbreak existing at the Coleman facility. Doc. 210. Barton acknowledges his troubled and violent past, but claims it was nearly thirty years ago and he has reformed. Defendant additionally files letters and emails from family and community members requesting his release. Doc. 204. He also filed a letter signed by 109 individuals in the community. Doc. 209. The letter does not comment on COVID-19 concerns or Defendant's medical condition, but rather contends the Defendant "has been done a great injustice by being sentenced to the many years the Court has

placed upon him." *Id.* at 2.  The letter claims that Defendant has many friends, would not be a threat to the community, and that the community would benefit by his release. *Id.* at 2–3.

## II.    LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances."  *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted).  Those limited circumstances are provided under 18 U.S.C. § 3582(c)(1)(A)(i).  Effective December 21, 2018, the First Step Act of 2018 amended § 3582(c)(1)(A) by adding a provision that allows prisoners to directly petition a district court for compassionate release.

The compassionate release provision of 18 U.S.C. § 3582(c) , as amended by the First Step Act of 2018, provides, in pertinent part, that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . if it finds that extraordinary and compelling reasons warrant such a reduction" and if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]" 18 U.S.C. § 3582(c)(1)(A)(i) ; First Step Act of 2018, Pub. L. 115-391 , § 603 (b), 132 Stat. 5194, 5239.  Before granting compassionate release, the Sentencing Commission directs courts to consider whether a defendant poses "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).  Additionally, courts are to consider the § 3553(a) factors, as applicable, as part of the analysis.[2]  *See* §3582(c)(1)(A).

---

[2] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with

4

**III.    DISCUSSION**

On April 27, 2020, Barton filed an application for compassionate release with the Warden at FCI Coleman Low addressing his medical condition and his fear of COVID-19. Doc. 109-1 at 3. That application was denied May 12, 2020. *Id.* at 4. Barton submitted another application on June 27, 2020. *Id.* at 5. Barton submits he has exhausted his administrative remedies, and the Government does not argue otherwise. Accordingly, the Court will address the merits of his claim.

Barton seeks an order granting his motion for compassionate release and modification of his sentence to time served. He argues his medical conditions of heart disease, liver damage, sciatica, obesity, his three prior heart attacks, and his age put him at severe heightened risk of serious medical problems or death in light of the COVID-19 pandemic. He contends that the housing units at Coleman Low are comprised of dormitory-style open-bay cubicles with no doors and only 5'4" walls under a 12-foot ceiling, and thus, 6-foot social distancing is an impossibility. He claims three inmates were removed to "quarantine" due to testing positive for COVID-19, but no disinfection of the affected area was done. Barton cites to other cases in which courts have granted compassionate release motions. Doc. 199 at 2. The Court notes, however, that most of the cases relied on by Barton involved individuals who were older than Barton, who had completed much more of their sentences, were non-violent offenders, or who had more severe health issues.

In response to Barton's alleged medical conditions, the Government submits that only the heart-related issues and obesity possibly fall within the risk factors as identified by the Centers for Disease Control. Moreover, the claims of heart disease and heart attacks are inadequately

---

needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

supported. Even if Barton could establish an extraordinary and compelling reason, the Government argues that given his lengthy violent criminal history, Barton poses a danger to public safety.

A defendant seeking compassionate release bears the burden of establishing that release is warranted and that he no longer represents a danger to any other person or the community. *See United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) (holding that a movant for a reduction under § 3582(c)(2) bears the burden to establish a reduction is warranted); *see also Cannon v. United States*, 2019 WL 5580233, at *2 (S.D. Ala. Oct. 29, 2019); *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019).

After careful consideration of the parties' submissions and arguments, the § 3553(a) factors, and other applicable law, the Court finds that Barton's motion is due to be denied. Barton fails to demonstrate an extraordinary and compelling reason warranting a reduction in sentence under § 3582(c)(1)(A)(i). In its existing policy statement on compassionate release, the Sentencing Commission identifies four categories in which extraordinary and compelling circumstances may exist: (1) the defendant's medical condition; (2) the defendant's advanced age (at least 65 years old); (3) family circumstances; and (4) other reasons. U.S.S.G. § 1B1.13, cmt. n. 1(A)-(D).

Under the first factor, a defendant's medical condition may provide an extraordinary and compelling reason supporting a reduction in sentence when the defendant is: (1) suffering from a terminal illness, *i.e.*, a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A). Barton does not allege he suffers from a terminal illness. He alleges he suffers from heart disease, including having had three heart attacks. In response to the Government's contention that his heart-related problems have been inconsistent and are

unsupported, Barton supplements his motion with medical records documenting a self-reported cardiac history. *See* Doc. 211-1. There is nothing in the records to reflect a significant recent cardiac event. *See* Doc. 201-1. Additionally, he claims liver damage, sciatica, and obesity, but he does not allege that any of his conditions diminish his ability to care for himself in prison. As such, Barton fails to demonstrate an extraordinary and compelling reason warranting relief on this basis.

The second factor does not apply. While Barton submits that his age should be considered, he is 47 years old, and therefore he is not of "advanced age." As for the third factor, Defendant has filed a motion to supplement the record (Doc. 213) regarding his family circumstances. He states that his mother's health is declining, and she is being cared for by a family member, Defendant's aunt, who also is physically ill. *Id.* at 1. As discussed in the Commentary to USSG, § 1B1.13, "family circumstances" constituting an extraordinary and compelling reason to support compassionate releases refers to "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) [t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. 1B1.13, cmt. N.1(C). Such circumstances do not exist here. Defendant fails to show how the need to care for his mother qualifies as an extraordinary and compelling reason under this provision. Further, his supplemental filings reflect he has a strong network of family and friends who support him. Thus, there is no reason to believe why this extended support system would not be available for his mother if necessary.

The fourth category, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the [BOP], there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A)

through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D).  The Court finds that Barton similarly fails to demonstrate an extraordinary and compelling reason under this provision.  He alleges his increased risk of severe illness from COVID-19 due to his medical condition and age constitutes an extraordinary and compelling reason warranting compassionate release.  The Court disagrees.

General concerns about possible exposure to COVID-19 do not meet the criteria for an extraordinary and compelling reason under U.S.S.G. § 1B1.13.  *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release."); *United States v. Eberhart*, No. 13-cr-313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020) ("General concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence.").  While Barton alleges that the BOP's procedures have been inadequate, the Government's response has outlined the detailed plans the BOP has undertaken and implemented to help sharply mitigate the risks of COVID-19 transmissions in BOP institutions, including Coleman Low. On this record, Barton fails to demonstrate that his alleged medical conditions and age, coupled with the potential for exposure to COVID-19, constitute an extraordinary and compelling reason under 18 U.S.C. § 2385(c)(1)(A) and U.S.S.G. § 1B1.13.

Even if Barton was able to establish an extraordinary and compelling reason, however, the Court must make a finding that he would not be a danger to the safety of any person or the community.  *See* USSG § 1B1.13(2).  Given that Barton is an armed career criminal under 18 U.S.C. § 924(e) with a history of violence and violent convictions, the Court cannot make such a finding.  Barton argues that he has reformed, and he provides the Court with certificates of courses and schooling he completed while incarcerated.  While the Court is hopeful that this is a step in

the right direction for Barton, his lengthy criminal history, drug abuse issues, and convictions for a firearm offense undermine his claims of rehabilitation.

The Court has considered the § 3553(a) factors and concludes these factors weigh against a reduction in Barton's sentence. Barton was subject to a mandatory minimum of fifteen years and is not scheduled to be released for nearly ten years. His 210-month sentence reflects the seriousness of his conduct and his failure to accept responsibility for it.

Accordingly, upon careful consideration and for the reasons stated, it is hereby **ORDERED**:

1. Defendant's Motion Requesting Leave to Supplement (Doc. 213) is **GRANTED**.

2. Defendant Robert William Barton's Emergency Motion for Compassionate Release (Doc. 199) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 9, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Robert William Barton, Pro Se
FCI Coleman Low Unit A-1
FCI P.O. Box 1031 Coleman, FL 33521

9