# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-496-CEH-AEP

ROBERT WILLIAM BARTON
_____

## ORDER

This matter comes before the Court on several motions filed by Defendant Robert William Barton, proceeding *pro se*. This Order resolves some of the motions and directs the Government to respond to others.

### I. Procedural Background and Pending Motions

After a jury trial, Barton was convicted of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Doc. 115. He was sentenced to 210 months in prison followed by 36 months on supervised release. Doc. 134. His conviction was affirmed on appeal, and this Court denied Barton's 28 U.S.C. § 2255 Motion to Vacate. Docs. 167, 218.

Barton has now filed several *pro se* motions. The first (Doc. 219) contains a Motion for Compassionate Release, Motion to Appoint Counsel, and Motion for Jail Time Credit. Magistrate Judge Anthony E. Porcelli issued an order denying the Motion to Appoint Counsel on November 28, 2023. Doc. 220.[1] The Government has

---

[1] Barton has filed a renewed Motion to Appoint Counsel (Docs. 227, 232), which remains under consideration and this Order does not resolve or address.

filed a response in opposition to the Motion for Compassionate Release. Doc. 225. However, Barton subsequently filed a Supplement to the motion that raises at least one additional ground for compassionate release. Doc. 231. The Government is therefore directed to file a response that addresses the new ground. The Government is also directed to respond to the Motion for Jail Time Credit. *See* Doc. 219 at 4-5. Ruling will be deferred on these motions until the Government has responded.

Next, Barton has filed a motion entitled Motion for Relief (Doc. 221), which requests relief under three Supreme Court cases. The Government has not responded to it. The Court will direct the Government to file a response to the motion to the extent Barton seeks relief under *Erlinger v. United States*, 602 U.S. 821 (2024) and *Rehaif v. United States*, 588 U.S. 225 (2019). However, to the extent Barton requests relief under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), his argument is foreclosed by binding precedent. Accordingly, this aspect of the motion is due to be denied. *See* Section II, below.

The remaining three motions are procedural in nature and may be resolved summarily. In his Motion to Stay Pending Outcome (Doc. 222), he asks the Court not to issue a decision on the Motion for Relief pending the outcome of appellate cases. The Motion to Proceed (Doc. 224) clarifies that his motion for compassionate release is ready for resolution. And the Motion to Continue/Move Forward (Doc. 228) explains that he is ready for the Court to move forward on the Motion for Relief. Upon review, the Motion to Stay is due to be denied as moot, and the Motion to Proceed

and Motion to Continue are due to be granted, to the extent that the Court will rule on the outstanding motions in due course.

Finally, the Court acknowledges and grants Barton's requests to send all correspondence by mail and to construe his arguments liberally in light of his *pro se* status. *See Gomez-Diaz v. United States*, 433 F.3d 788, 791 (2005).

## II.   Motion for Relief Under *Bruen* (Doc. 221)

In his Motion for Relief (Doc. 221), Barton asks for any available relief under several cited cases. One such case is *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). To the extent his Motion for Relief requests relief under *Bruen*, it is due to be denied pursuant to binding Eleventh Circuit precedent.

In *District of Columbia v. Heller*, 554 U.S. 570 (2008), the Supreme Court held that the Second Amendment protects an individual's right to carry a handgun for self-defense outside the home. Building on *Heller*, it held in *Bruen* that the government can regulate such conduct only if it can "affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms." 597 U.S. at 19.

Some defendants and courts have relied on *Bruen* to argue that 18 U.S.C. § 922(g)(1), which prohibits individuals convicted of a felony from possessing a firearm or ammunition, is unconstitutional. Some of the cases Barton cites have reached that conclusion. *See* Doc. 221 at 2, citing *Range v. Attorney General*, 69 F.4th 96 (3d Cir. 2023), vacated by *Garland v. Range*, 144 S.Ct. 2706 (Mem.) (2024) (remanding for

3

further consideration in light of *United States v. Rahimi*, 144 S.Ct. 1889 (2024)); *Williams v Garland*, No. 17-2641, 2023 WL 7646490 (E.D. Pa. Nov. 14, 2023); *United States v. Prince*, 700 F.Supp.3d 663 (N.D. Ill. 2023).

However, the Eleventh Circuit has squarely rejected the argument that § 922(g) is unconstitutional under *Bruen*. In *United States v. Rozier*, 598 F.3d 768 (11th Cir. 2010), it held that § 922(g)(1) was not unconstitutional under *Heller*. *Heller* had labeled prohibitions on the possession of firearms by felons as "presumptively lawful" and described the Second Amendment as applying to "law-abiding, responsible citizens." 554 U.S. at 627 n.26, 635. The *Rozier* court therefore concluded that "statutes disqualifying felons from possessing a firearm under any and all circumstances," like § 922(g)(1), "do not offend the Second Amendment." 598 F.3d at 771.

Following the Supreme Court's decision in *Bruen*, the Eleventh Circuit revisited its holding in *Rozier*. In *United States v. Dubois*, the court concluded that *Bruen* did not abrogate *Rozier*, in part because of the Supreme Court's continued emphasis on "law-abiding, responsible citizens" and its statement that the *Bruen* holding was "in keeping with *Heller*." 94 F.4th 1284, 1292-93 (11th Cir. 2024), quoting *Bruen*, 597 U.S. at 17, 29-30. As a result, *Rozier* remained good law. 94 F.4th at 1293; *see also, e.g., United States v. Gray*, No. 23-10247, 2024 WL 4647991 (11th Cir. Nov. 1, 2024) (same, and concluding that the Supreme Court's subsequent holding in *United States v. Rahimi*, 144 S.Ct. 1889 (2024), also had no effect on *Rozier*).

4

This Court is bound by the Eleventh Circuit's holdings in *Rozier* and *Dubois*. It therefore finds, as it must, that Barton's constitutional challenge to his § 922(g)(1) conviction under *Bruen* is foreclosed. This aspect of his Motion for Relief is therefore due to be denied. The Court defers ruling on the remainder of the motion pending a response from the Government.

Accordingly, it is **ORDERED**:

1. Barton's Motion to Stay Pending Outcome (Doc. 222) is DENIED as moot.

2. Barton's Motion to Proceed (Doc. 224) and Motion to Continue (Doc. 228) are GRANTED.

3. Ruling is DEFERRED on Barton's Motion for Relief (Doc. 221), Motion for Compassionate Release (Doc. 219), and Motion for Jail Time Credit (Doc. 219).

4. The Government is directed to file a response to Barton's Motion for Relief (Doc. 221), to the extent Barton seeks relief under *Erlinger v. United States*, 602 U.S. 821 (2024) and *Rehaif v. United States*, 588 U.S. 225 (2019); to Barton's Motion for Jail Time Credit (Doc. 219 at 4-5); and to Barton's Supplement to his Motion for Compassionate Release (Doc. 231) within FOURTEEN (14) DAYS of the date of this Order.

**DONE** and **ORDERED** in Tampa, Florida on November 12, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:  Counsel of Record; Unrepresented Parties