UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:14-cr-496-CEH-AEP

ROBERT WILLIAM BARTON

**ORDER**

This matter comes before the Court on three *pro se* motions filed by Defendant Robert William Barton: Motion for Relief (Doc. 221), Motion for Jail Time Credit (Doc. 219), and Motion for Compassionate Release (Doc. 219). In an Order dated November 12, 2024, the Court deferred ruling on those motions and directed the Government to respond to them. Doc. 233. The Government filed its responses in opposition on November 26, 2024. Docs. 234, 235, 236. Barton subsequently filed a reply in support of the motions. Docs. 237, 238, 239. The motions are now ripe, and will be addressed in turn.[1]

---

[1] The Court briefly recounted the background of Barton's conviction in its November 12 Order:

> After a jury trial, Barton was convicted of one count of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Doc. 115. He was sentenced to 210 months in prison followed by 36 months on supervised release. Doc. 134. His conviction was affirmed on appeal, and this Court denied Barton's 28 U.S.C. § 2255 Motion to Vacate. Docs. 167, 218.

Doc. 233 at 1.

### I. Motion for Relief (Doc. 221)

In the filing entitled Motion for Relief, Barton requests relief under three Supreme Court cases. The Court denied Barton's argument under *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), in its November 12 Order. Doc. 233 at 3-5. The Court directed the Government to respond to the motion to the extent Barton requested relief under *Erlinger v. United States*, 602 U.S. 821 (2024), and *Rehaif v. United States*, 588 U.S. 225 (2019). In its response, the Government contends that the Court lacks jurisdiction to consider Barton's arguments under either case because they amount to an unauthorized second or successive motion under 28 U.S.C. § 2255. Doc. 235. Barton has filed a reply in support of his arguments under each case. Docs. 237, 238.

First, Barton seeks relief under *Erlinger v. United States*, 602 U.S. 821 (2024), which concerned the procedure for sentencing under the Armed Career Criminal Act ("ACCA"). The ACCA imposes mandatory minimum sentences on defendants convicted of the illegal possession of a firearm under 18 U.S.C. § 922(g) who previously committed three violent felonies or serious drug offenses on separate occasions. 18 U.S.C. § 924(e). *Erlinger* held that a defendant cannot be sentenced under the ACCA unless a unanimous jury determines beyond a reasonable doubt that his past offenses were committed on separate occasions. 602 U.S. 821.

As the Government argues, and Barton does not dispute in his reply, his request for relief under *Erlinger* amounts to a collateral attack on his sentence that is only

2

available under 28 U.S.C. § 2255. Presumably, he seeks to vacate or modify his sentence, which was enhanced by the ACCA, on the ground that a unanimous jury did not determine that his prior offenses were committed on three separate occasions. *See* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of [a federal court] claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States…or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."); *U.S. v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Federal courts are obligated to look beyond the label of a *pro se* inmate's motion to determine if it is cognizable under a different statutory framework."). Outside of a petition for relief under § 2255, the Court is not authorized to modify a term of imprisonment, except in limited circumstances set forth in 18 U.S.C. § 3582(c) that are not relevant here.[2] Accordingly, the motion is most properly construed as a motion under § 2255.

However, Barton has already filed a motion under § 2255. *See* Docs. 194, 218. As a result, to the extent his Motion for Relief is characterized as a motion under § 2255, it would qualify as a "second or successive" motion that must receive preapproval from the Eleventh Circuit before this Court is permitted to consider it. *See* 28 U.S.C. § 2255(h), citing *id.* § 2244(b)(3); *see also Boyd v. United States*, 754 F.3d 1298, 1301 (11th Cir. 2014) ("Only a single § 2255 motion is authorized and successive

---

[2] One such circumstance is upon a motion for compassionate release, which the Court will address in Section III, *infra*.

3

attempts at relief are limited.").[3] "Without authorization, the district court lacks jurisdiction to consider a second or successive [§ 2255] petition." *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (citation omitted). Therefore, to the extent Barton seeks to challenge his sentence under *Erlinger*, he must follow the procedure set forth in 28 U.S.C. § 2244(b)(3) to apply to the Eleventh Circuit for leave to file a second or successive § 2255 motion. This Court lacks jurisdiction to consider his argument absent authorization from the Eleventh Circuit.

Barton also requests relief under *Rehaif v. United States*, 588 U.S. 225 (2019). In *Rehaif*, the Supreme Court interpreted the term "knowingly" in 18 U.S.C. § 924(a)(2), which prohibits "knowingly violat[ing]" 18 U.S.C. § 922(g). In turn, § 922(g) renders it unlawful for individuals with a listed status to possess a firearm. The status list includes a person who, like Barton, "has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," and one who, like the petitioner in *Rehaif*, "being an alien…is illegally or unlawfully in the United States[.]" *Id.* The *Rehaif* court held that the Government must prove "both that the defendant

---

[3] A second or successive § 2255 motion may be authorized if it seeks relief under "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). Consequently, Barton would only be entitled to relief if the rule announced in *Erlinger* is retroactive to cases, like Barton's, whose direct appeal was over when the decision was issued. Although the Supreme Court and Eleventh Circuit have not yet ruled on the issue, two judges in this District have found that *Erlinger* cannot be applied retroactively on collateral review. *See Stackhouse v. United States*, No. 8:18-cv-772, 2024 WL 5047342, *8 (M.D. Fla. Dec. 9, 2024) (Covington, J.); *Grant v. United States*, 8:24-cv-2029, 2024 WL 4729193, *3-4 (M.D. Fla. Nov. 8, 2024) (Jung, J.). Because the Court lacks jurisdiction to consider the claim, however, it makes no finding regarding retroactivity in this Order.

knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." 288 U.S. at 237. In other words, the defendant must know "that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)." *Id.* at 227.

Barton argues that his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2) cannot stand, because *Rehaif* requires the Government to prove that he knew he was barred from possessing a firearm by virtue of being a felon. Doc. 221 at 3. The Government cannot prove this argument, Barton contends, because he was never notified that he could not own a firearm and he had reason to believe he could. *Id.*; *see also* Doc. 238.

Barton raised the same argument in his first motion under 28 U.S.C. § 2255. *See* Doc. 218 at 25-30 (order denying motion pursuant to § 2255 on *Rehaif* grounds); *see also* Case No. 8:20-cv-434-CEH-AEP, Doc. 13 at 17-20, Doc. 15 (elaborating on *Rehaif* argument in reply and supplemental submission). As the Court explained in its Order denying his § 2255 motion, *Rehaif* only requires the Government to prove that Barton knew he was a felon, not that he knew he was prohibited from possessing a firearm. *See* Doc. 218 at 26-30. Barton offers no reason or procedural basis for the Court to revisit its previous ruling. Moreover, the Court lacks jurisdiction to consider a collateral attack on a conviction or sentence that presents an identical claim to one already presented in a petitioner's first § 2255 motion. *See* Doc. 235 and *Randolph v.*

5

*United States*, 904 F.3d 962, 964 (11th Cir. 2018). Accordingly, Barton's Motion for Relief is due to be dismissed for lack of jurisdiction as to both remaining arguments.

### II. Motion for Jail Time Credit (Doc. 219 at 4-5)

Barton next asks the Court to award him credit toward his sentence for time he spent in jail before being transferred to federal custody. Doc. 219 at 4-5. He explains that he was arrested on December 5, 2014, and remained in jail with a federal hold, but did not receive credit toward his current sentence until June 26, 2015, when he entered federal custody. *Id.* The Government responds that Barton must file a petition for such relief in the jurisdiction in which he is incarcerated. Doc. 234.

18 U.S.C. § 3585(b) provides that "a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences [ ] as a result of the offense for which the sentence was imposed[, ] that has not been credited against another sentence." Consequently, as long as the time before he entered federal custody did not count toward a different sentence, Barton may be entitled to receive credit for it toward his current sentence.

However, the Government is correct that it is the Bureau of Prisons ("BOP"), rather than the Court, who "possesses the *exclusive* authority…to compute sentence credit awards after sentencing." *Rodriguez v. Lamer*, 60 F.3d 745, 747 (11th Cir. 1995) (emphasis added); *see also United States v. Wilson*, 503 U.S. 329, 334 (1992) (Attorney General, through the BOP, is responsible for computing time credit under 18 U.S.C. § 3585(b)); *United States v. Lucas*, 898 F.2d 1554 (11th Cir. 1990) (district courts lack jurisdiction to calculate sentences pursuant to 18 U.S.C. § 3585(b)). If a federal inmate

6

wishes to challenge the BOP's computation of sentence credit awards, he must first exhaust his administrative remedies with the BOP before seeking judicial relief. *Id.* at 1556; *see also United States v. Roberson*, 746 F. App'x 883, 885 (11th Cir. 2018). Once he has done so, he may challenge the administrative determination via a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which must be filed in the jurisdiction in which he is incarcerated. *See id.* (citations omitted).

It does not appear that Barton has exhausted his administrative remedies, and he did not file a § 2241 petition in the jurisdiction in which he is incarcerated. The Court therefore lacks jurisdiction to provide this form of relief, as well. *See Lucas*, 898 F.2d at 1556.

### III.   Motion for Compassionate Release (Docs. 219, 231)

Lastly, Barton asks the Court to grant compassionate release pursuant to 18 U.S.C. § 3582(c). Compassionate release is one of the few circumstances in which a district court is permitted to modify a sentence after it has been imposed. Unlike with his other motions, then, the Court has jurisdiction to consider the merits of Barton's request.

A district court is permitted to grant compassionate release if the following conditions are met:

> (1) in any case—
> 
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse

>of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

> (1) Medical circumstances
> (2) Age
> (3) Family circumstances
> (4) Victim of abuse
> (5) Other reasons
> (6) Unusually long sentence.

8

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the Guidelines' policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) or § 2582(c)(2) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[4] *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

In his motion, supplements, and reply, Barton asks the Court to convert a portion of his remaining prison term into supervised release so that he may have a second chance to demonstrate the rehabilitation he has undergone during his incarceration, to reconnect with his family, and to receive appropriate treatment for his medical problems. Docs. 219, 224, 231, 239. He explains that he has taken every possible class in prison, including drug treatment, and seeks the opportunity to apply

---

[4] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

what he has learned outside of prison and demonstrate his changed outlook before he becomes elderly. *Id.* In addition, he asks the Court to consider his arguments regarding *Erlinger* and *Rehaif* when determining his motion for compassionate release. Doc. 231.

Responding in opposition, the Government contends that Barton has not established an extraordinary and compelling reason for compassionate release, and that, in any event, the applicable § 3553(a) factors do not support his release. Docs. 225, 236.

Construed broadly in light of his *pro se* status, Barton's cited reasons for compassionate release may align with the extraordinary and compelling reasons of family circumstances, age, medical circumstances, and an unusually long sentence. However, he has not satisfied the strict definition of any of these categories. As a result, he has not established the existence of an extraordinary and compelling reason that warrants compassionate release.

First, the Guidelines' policy statement defines "medical circumstances" that warrant compassionate release as follows:

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is--
> (i) suffering from a serious physical or medical condition,
> (ii) suffering from a serious functional or cognitive impairment, or
> (iii) experiencing deteriorating physical or mental health because of the aging process,

10

> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> (D) The defendant presents the following circumstances--
> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
> (iii) such risk cannot be adequately mitigated in a timely manner.

U.S.S.G. § 1B1.13(b)(1). Barton has not established that any of these specific conditions apply. He explains that he was hospitalized for 22 days in February 2024 after a gall bladder surgery, Doc. 224 at 1, but otherwise states only that he has "all kinds of medical issues," and asserts that the medical treatment in prison is inadequate. Doc. 219 at 3. Without more information about his diagnoses, symptoms, treatment, and prognosis—supported by medical records or other documentation—the Court cannot conclude that his medical conditions qualify as an extraordinary and compelling reason for compassionate release. *See*, *e.g.*, *United States v. Lozano*, No. 8:18-cr-202, 2023 WL 7132101, *3 (M.D. Fla. Oct. 30, 2023) (Honeywell, J.) (denying

motion for compassionate release where defendant did not provide documentation of medical condition's existence or severity).

Nor has Barton established the "age" or "family circumstances" reasons. With respect to age, a qualifying defendant must be at least 65 years old and be experiencing a serious deterioration in physical or mental health because of the aging process. U.S.S.G. § 1B1.13(b)(2). Because Barton is 51 years old, this category does not apply. A "family circumstance" qualifies if the caregiver of a defendant's minor child dies or becomes incapacitated, or if a close family member to whom the defendant would be the only available caregiver becomes incapacitated. *Id.* § 1B1.13(b)(3). Although Barton shares that his aunt is fighting cancer and he hopes to take care of her if he is released, Doc. 219 at 8, he does not allege—nor provide accompanying documentation—that she is incapacitated, that he would be her only available caregiver, or that his relationship with her is similar in kind to that of a parent, spouse, or sibling. *See* U.S.S.G. § 1B1.13(b)(3)(D).

Next, Barton's request that the Court consider the impact of *Erlinger* when deciding his motion for compassionate release, Doc. 231 at 1, suggests that he intends to invoke the "unusually long sentence" extraordinary and compelling reason. This reason is defined as follows:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity

12

> between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

*Id.* § 1B1.13(b)(6).

If Barton received credit for his time incarcerated since the arrest on December 5, 2014 that he alleges in his motion for jail time credit, *see* Doc. 219 at 4-5, he would have served at least ten years of his prison term. *Cf.* Doc. 236 at 1 n.1. Nevertheless, he has not established this extraordinary and compelling reason, because the Court does not find that *Erlinger* constitutes a change in the law that would produce a gross disparity between Barton's sentence and one that he would receive if he were sentenced today. As discussed in Section I, *supra*, *Erlinger* held that a unanimous jury must find beyond a reasonable doubt that a defendant's three prior convictions were separate offenses for the defendant to be sentenced under the ACCA. 602 U.S. 821. Previously, this determination was made by the sentencing court. *Id.*; *see also*, *e.g.*, *United States v. McCloud*, 818 F.3d 591 (11th Cir. 2016). In Barton's case, the sentencing court determined that he had prior convictions from at least three separate offenses—a finding that his attorney did not dispute.[5] Although he challenges this

---

[5] Barton disputes the Government's contention that he admitted he had three ACCA-qualifying prior convictions at sentencing. Doc. 239 at 1, citing Doc. 236 at 2. Upon review of the record, the Court finds that the Government's characterization is accurate, to the extent that it refers to statements made by Barton's attorney. The pre-sentence investigation report listed four prior convictions that the Probation Department believed qualified as violent felonies for the purpose of ACCA enhancement. *See* Doc. 129 at 65. Defense counsel successfully argued that two of them, robberies committed on the same date against two different victims, could not be treated as separate offenses and must be combined. *Id.*; Doc. 130 at 1-2. However, counsel conceded that even combining two of the four left three separate offenses. Doc. 196 at 7-8. Counsel also argued that one of the remaining three offenses should

finding now, he does not explain why a jury would have reached a different conclusion. For this reason, he has not demonstrated that there is a disparity between his sentence and the one he would receive today, post-*Erlinger*. *Cf. United States v. Taylor*, No. 03-80029-CR, 2024 WL 2262713 (S.D. Fla. May 13, 2024) (finding "unusually long sentence" extraordinary and compelling reason applicable where subsequent caselaw determined that one of defendant's three prior convictions was no longer ACCA-qualifying, such that he would not have been sentenced under ACCA if convicted today). Accordingly, even assuming his sentence qualifies as "unusually long," he has not established the applicability of the "unusually long sentence" reason for compassionate release.

In his filings, Barton describes the rehabilitation he has undergone in prison and asks the Court to give him the chance to demonstrate it in the community. Although he does not include records of his prison programming, the Court acknowledges his statement that he has availed himself of every rehabilitative opportunity that has been offered. The law makes clear, however, that rehabilitation alone cannot constitute an extraordinary and compelling reason. 28 U.S.C. § 994(t); *see also* U.S.S.G. § 1B1.13(d). And the Court is not permitted to shorten Barton's prison term without an extraordinary and compelling reason that warrants compassionate release.[6] The Court

---

not be considered a violent felony for ACCA purposes, but acknowledged that binding caselaw indicated it was. *Id.* at 9-10.

[6] Because the Court has determined that Barton is not eligible for a sentence reduction based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See United States v. Giron*, 15 F.4th 1343, 1347-48 (11th Cir. 2021).

is sympathetic to the personal circumstances Barton describes, including the losses he has suffered, and it applauds the growth and positive efforts he has undertaken despite the length of his sentence. The Court encourages Barton to continue those efforts in order to set himself up for success when he reenters the community to serve his term of supervised release.

Accordingly, it is **ORDERED**:

1. Barton's Motion for Relief (Doc. 221) is DENIED.
2. Barton's Motion for Jail Time Credit (Doc. 219) is DENIED.
3. Motion for Compassionate Release (Doc. 219) is DENIED.

**DONE** and **ORDERED** in Tampa, Florida on December 26, 2024.

Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

15